Heney J. Latham, J.
This is a special proceeding brought pursuant to section 330 of the Election Law for an order invalidating and striking out the petition nominating the respondent Levin as a candidate for the office of Representative in Congress, Sixth Congressional District, State of New York, and restraining the Board of Elections from printing said respondent’s name on the ballots or from placing it on the voting machines.
Respondent Levin (hereinafter called “respondent”) appears specially to challenge the jurisdiction of the court. No question is raised as to the proper service of the order to show cause. Obviously, this court has jurisdiction of a proceeding brought under section 330 of the Election Law. In effect, the respondent seeks to question the right of the petitioners to bring this proceeding on the theory that they are not qualified persons to bring such a proceeding.
On January 18, 1962 the Governor of the State of New York issued a proclamation calling for a special election to fill a vacancy in the office of Representative in Congress for the Sixth Congressional District of the State of New York. On January 19, 1962 the Board of Elections promulgated rules *289 governing said special election and fixing the various dates for filing party nominations, independent nominations, declinations or acceptances and substitutions. Pursuant to said rules, the last day for filing independent nominations was January 30, 1962.
Objections to a nominating petition must be filed within three days after the filing of the petition to which objection is made. Specifications of the grounds of objection must be filed within six days after the filing of the objections (Election Law, § 145).
The Supreme Court is vested with jurisdiction to determine summarily any question of law or fact with respect to the designation of any candidate or independent nomination in a proceeding instituted by any candidate or by a person who has filed objections, pursuant to section 145 of the Election Law. Such a proceeding, if in connection with an independent nomination for a special election, must be instituted within seven days after the last day to file a petition for such independent nomination (Election Law, § 330, subd. 1).
The substance of respondent’s argument that petitioners have no standing to bring this proceeding is that although petitioners filed objections and brought the proceeding within the allotted seven days, they have not yet filed specifications. Concededly, their time to file specifications has not yet expired, but respondent contends that they are not persons “ who shall have filed objections pursuant to section one hundred forty-five ” of the Election Law unless they have also filed the specifications required by said section.
This argument is without merit. Section 330 of the Election Law provides that a proceeding may be instituted by a person who has filed objections. It would have been a simple matter for the Legislature to have said that the proceeding could be brought by a person who had filed objections and specifications. The Legislature could have achieved a similar result by altering the respective times allotted for filing objections and specifications and for bringing this special proceeding. In the light of the clear language of the statute, the proceeding can be brought by a person who has filed objections.
It is apparent that petitioners are qualified persons to bring this proceeding and that the petition is sufficient. Respondent’s objection to the jurisdiction of this court is overruled.
Since the special election is scheduled for February 20, 1962, and time is very much of the essence, this matter will be set down for a hearing and the taking of any necessary testimony on February 14, 1962. Respondents may serve an answer to the petition before noon of February 13,1962. In order to give *290 all parties as much time to prepare as is possible, the court will direct that the attorneys herein be notified of this decision by telephone.